KETCHUM *v.* LEWIS.

*(Supreme Court, General Term, Fifth Department.* June 28, 1892.)

PARTNERSHIP—ACTION FOR ACCOUNTING—COMPLAINT.

 In an action for an accounting between partners the complaint also demanded judgment for the value of certain lumber sold to defendant, which appeared to have been their joint property, and to have been turned over to defendant by the consent of both parties, and that plaintiff be relieved from his assent to the sale to a third party of other lumber owned in common, which assent was procured through defendant's false representations, and that defendant be required to account for the value of the property thus sold. *Held*, that these allegations related to the joint dealings of the parties, and that the complaint stated but one cause of action, which was for an accounting of partnership transactions.

Appeal from special term, Yates county.

Action by William H. Ketchum against Eugene E. Lewis. From an order directing the complaint to be made more definite and certain, and each cause of action as set forth therein to be separately stated and numbered, plaintiff appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Briggs & Sunderlin,* for appellant. *M. A. Leary,* for respondent.

MACOMBER, J. The learned justice at the special term was of the opinion that the complaint in this action contained three separate causes of action, namely, (1) for damages for fraud in inducing the sale of certain property to one Hopkins; (2) a cause of action for lumber sold and delivered by the plaintiff to the defendant; and (3) a cause of action for an accounting for the lumber owned jointly by the parties. The court was further of the opinion that the action for damages and that for the sale of lumber were common-law actions, and hence triable by a jury, while that for a general accounting between the plaintiff and the defendant was triable before the court as an equity action. It also directed that these several causes of action be separately stated. In these conclusions, however, we are unable, in this instance, to concur with the learned justice. It seems to us from an inspection of the complaint that there is but one cause of action set forth, and that is that the plaintiff and defendant had had dealings as copartners in somewhat extensive transactions, and that upon an accounting it would be shown that the defendant was indebted to the plaintiff in a considerable sum of money. The complaint avers that no settlement had ever been had between the parties as copartners in respect to their dealings. The prayer of the complaint is for an account to be taken of all the dealings and transactions from the commencement of the copartnership, and of the moneys received and paid out by the plaintiff and defendant respectively in relation to such copartnership; that the property remaining unsold and undisposed of belonging to the plaintiff and defendant should be sold; that all debts contracted by them in carrying

on their joint business be paid, and the surplus, if any, be divided between the parties according to their respective rights and interests; that the sale to Hopkins be declared null and void as against the plaintiff, and that the defendant be adjudged and required to account for the full value of the property alleged to have been fraudulently sold by him to Hopkins; and that a receiver be appointed, etc. We do not find in the complaint any allegation which does not relate to the joint dealings of the plaintiff and the defendant. The facts stated all appertain to the business transactions of the parties, and constitute but one cause of action, under subdivision 9, § 484, Code Civil Proc. The allegation in the complaint respecting a fraudulent sale by the defendant to one Hopkins of a portion of the lumber which was owned in common is not a separate cause of action within the meaning of the provisions of the Code of Civil Procedure, because it is not sought thereby to set aside such a sale, (Hopkins not being made a party,) but to declare that the plaintiff should be relieved from his assent to such sale procured through the false representations of the defendant, and that the defendant be required to account for the actual value of the property sold to Hopkins, rather than for the money actually received from him. As was said by the court in the case of *King* v. *Barnes*, 109 N. Y. 290, 16 N. E. Rep. 332: "But we know of no rule of law requiring that charges of fraud, incidentally arising upon an accounting with reference to partnership transactions, shall be tried by a jury. It has been the invariable rule of courts of equity to try all questions arising before a referee in the stating of accounts between partners or joint owners, and necessarily involved in such accounting, since their origin, and we are referred to no authority questioning their power to do so." This authority is sufficient warrant for our position upon that part of the decision appealed from which holds that the allegations in respect to the sale to Hopkins rendered that portion of the case one to be tried by a jury. In respect to the charge in the complaint touching the sale by the plaintiff to the defendant of certain quantities of lumber, it is sufficient to say that the lumber in question appears to have been the joint property of the plaintiff and the defendant, and that the same was turned over to the defendant by the consent of both parties. It is spoken of in the complaint, it is true, as a sale by the plaintiff to the defendant; and in a certain sense it was a sale. The defendant had no right to take into his own possession and control this property without the consent of the plaintiff. We see in the complaint but one cause of action, and that is for an accounting between the parties of their copartnership transactions. It follows, therefore, that the order appealed from should be reversed.

Order appealed from reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.