HATTIE KRAUSS, as Administratrix of JOSEPH KRAUSS, Deceased, Respondent, v. THE WALLKILL VALLEY RAILROAD COMPANY, Appellant.

*Injury received in crossing a railroad track — contributory negligence.*

In an action brought to recover damages for the death of a person caused by reason of standing cars, between which he was crossing a railroad track, being driven together by an approaching train, the evidence showed that the train was backing slowly, and that the deceased could see the track for a distance of from 200 to 300 feet, with but two box cars between him and the train.

*Held,* that the evidence indicated contributory negligence on the part of the deceased.

To justify the submission of such a case to the jury, it is not enough that the evidence does not absolutely show contributory negligence on the part of the deceased; it must establish his freedom from contributory negligence.

The omission of a railroad company to give statutory or other signals, or to exercise proper care, does not excuse one crossing its tracks from observing care on his own part.

APPEAL by the defendant, the Wallkill Valley Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Ulster county on the 21st day of June, 1892, upon a verdict rendered at the Ulster Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for the death of the plaintiff's intestate, Joseph Krauss, which was alleged in the complaint to have occurred under the following circumstances :

"On or about the 22d day of July, 1891, the said Joseph Krauss, at that time employed as a mill-stone picker by the Lawrence Cement Company at Rosendale in the county of Ulster, after going with tools to be sharpened at the blacksmith shop of said company, as was the rule after day's work, was returning along a path beaten by use towards the mill, likely to get his coat, his day's work being finished; at a point where the path crossed the track of defendant's railroad there was an opening between cars of a foot and a half or two feet, and at the time the said Joseph Krauss, deceased, was going along said path across the said railroad tracks and through said opening, a train of about twelve cars, propelled by an engine, without notice to said Joseph Krauss, drove the cars at said opening

together, fatally crushing the said Joseph Krauss, deceased, and from such injuries he died in about ten hours, without any fault or misconduct on his part, but only from the misconduct and mismanagement and negligence of defendant's workmen and employees on the train."

*Ashbel Green* and *F. L. Westbrook,* for the appellant.

*William Lounsbery,* for the respondent.

PUTNAM, J. :

We think plaintiff failed to show the *absence* of contributory negligence on the part of deceased, the testimony in the case rather tending to establish his carelessness. The train was backing slowly; Krauss was walking across the track; there were but two box cars between him and the slowly moving train. He could see down the track 200 or 300 feet. Had he looked before he stepped on to the track between the two cars, it is difficult to understand how he could have failed to see, at least, the nearest end of the approaching train. All the evidence given in the case indicates negligence on the part of the deceased.

If, however, the testimony does not absolutely show the contributory negligence of Krauss, it certainly fails to establish his freedom from negligence. Hence, we think, the case should not have been submitted to the jury. " In the absence of any evidence exonerating the deceased from contributing by his own negligence to the accident, no case was made for submission to the jury." (*Borden* v. *D., L. & W. R. R. Co.,* 131 N. Y. 671; *Wiwirowski* v. *L. S. & M. S. R. Co.,* 124 id. 425.)

It is well settled that the omission of a railroad company to give statutory or other signals, or exercise proper care, does not excuse one crossing a track from observing care on his own part. (*Cullen* v. *D. & H. C. Co.,* 113 N. Y. 667.)

This view of the case renders it unnecessary to discuss the other questions raised.

The judgment must be reversed, new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed, new trial granted, costs to abide event.