JAMES FARLEY, Respondent, *v.* ABRAHAM PICARD, Appellant.

*Dangerous dog — liability of its keeper.*

When an employee of a person keeping a dangerous dog continues to work for his employer, with knowledge of the character of the dog and the place where he is kept, he takes the risk of being bitten, and his employer is not liable for the damages he may sustain by reason of his being bitten by such dog.

APPEAL by the defendant, Abraham Picard, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 9th day of February, 1894, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on

the 6th day of February, 1894, denying the defendant's motion for a new trial made upon the minutes.

*C. C. Davy*, for the appellant.

*Chas. Van Voorhis*, for the respondent.

DWIGHT, P. J. :

The action was to recover damages for an injury from the bite of a dog.

The defendant kept a sale stable in Rochester. The plaintiff and a man by the name of Harry Prescott worked for him in the stable. About a week before the plaintiff came there to work a man brought a large mastiff dog to Harry Prescott to sell for him, and the defendant permitted Harry to keep the dog at the stable for that purpose. After the plaintiff came he helped Harry to take care of the dog; he slept in the barn with him nights and used to chain him up after Harry went away. He must have become quite as familiar with the character and habits of the dog as the defendant was. He knew by report, as the defendant did, that the dog had once bitten a man by the name of Thompson, and this was all either of them knew and about all that anybody knew against the dog's character. The dog was kept at all times, when not let out for exercise, chained in a stall next the front door of the stable, and 'he was so chained securely in that stall when he bit the plaintiff. The plaintiff had then been at work there and associated with the dog day and night for nearly three months.

The partitions between the stalls were low next the barn floor, and on them the men were accustomed to throw robes and blankets when they came in wet. One day in the latter part of December, the plaintiff had occasion to take a blanket from the partition next where the dog lay chained, and to do so he stepped into the next stall. Two other blankets lay on top of the one he wanted, and he says that, to get it, he reached over the partition into the stall where the dog was, and was bitten on the wrist. It is not easy to understand why he should have reached over into the other stall to get a blanket which lay across the partition, but it was only by some such means that he could have received the injury of which he complains; because the dog, being securely chained within the stall, could not come to him to bite; he must go to the dog to be bitten.

This is the whole story as gathered from the undisputed evidence, and we think it discloses a case in which the motion for a nonsuit should have been granted on one or more of the grounds stated, viz.: (1) That there was no evidence of negligence on the part of the defendant; (2) that the case showed contributory negligence on the part of the plaintiff, and (3) that whatever danger there was to the plaintiff from the dog was one of the risks of the employment in which he was engaged; was as well known to himself as to the defendant, and was, therefore, assumed by himself.

In the first place, we find no evidence whatever of negligence on the part of the defendant in respect to the care of the dog. There was, it must be said, very little evidence against the dog's character, and of that little still less was shown to have come to the knowledge of the defendant; but even if he had known that the dog was a dangerous one, what more could he have done than to see to it that he was kept securely chained in a stall? This was complete protection to everybody, unless they entered the stall by accident or in ignorance that the dog was there, or in ignorance of his character. Neither of these was the case of the plaintiff. He knew that the dog was there, and he knew quite as much — probably much more — of the character and disposition of the dog, than the defendant did. If the defendant knew anything of the dog which required special care on his part for the safety of others, the same knowledge, possessed by the plaintiff, required special care on his part for his own safety. If with such knowledge he continued in the employ of the defendant with the dog in the barn, he took the risk upon himself. If he had no knowledge which imposed a risk upon him, then neither did the defendant have knowledge which imposed a liability upon him.

We think it very clear, upon the facts disclosed by this record, that the motion for a nonsuit should have been granted upon one or other or all of the grounds stated.

The judgment and order appealed from should be reversed and a new trial granted.

Lewis, Haight and Bradley, JJ., concurred.

Judgment and order appealed from reversed and new trial granted, costs to abide the event.