## In re LORD'S ESTATE.

(Supreme Court, General Term, First Department.   November 16, 1894.)

1. REFERENCE—POWER OF COURT ON PRACTICE MOTION.
    The court, on a practice motion, has no power to order a reference to hear and determine, but only to take testimony and report.
2. PLEADING—MOTION TO STRIKE OUT.
    It is error to strike out relevant averments simply because they are claimed to be untrue.

Appeal from special term, New York county.

Proceeding by A. Edward Woodruff, individually and as attorney for Gilbert M. Husted, for the removal of Augustus Cruikshank as trustee of the estate of Benjamin Lord. From an order granting a reference, and an order striking out as false and scandalous part of an affidavit made by Edward Van Ness, and used by him, as counsel for said Cruikshank, in opposition to the motion to remove, and imposing on him and said Cruikshank the costs of the proceeding, said Van Ness appeals.   Reversed.

The petition for the removal of the trustee stated that Cruikshank was trustee under the will of Benjamin Lord, deceased; that he had brought a suit in the supreme court to construe the will; that the judgment determined that Husted was entitled to one-eleventh of the estate; that Woodruff was personally interested in the estate under assignment from another beneficiary, and (among other grounds for the removal of the trustee) that Cruikshank had virtually surrendered the management of the trust to Van Ness, his attorney; "that the said estate has been managed apparently more in the interest of said trustee's attorney than in the interests of the cestuis que trustent," and that Cruikshank, under Van Ness' influence, refused to pay over Husted's share, for the purpose of forcing the recognition of a forged assignment which Van Ness had taken, supposing he was buying Husted's share; "that, for the purpose of defeating said Husted in his efforts to secure redress, your petitioners allege that the said Van Ness has procured and instigated certain attorneys to institute proceedings, whereby, through collusion with him as attorney for the trustee, it is sought to change and alter the judgment entered in this court in 1887, construing the will of Benjamin Lord; * * * but, notwithstanding such collusion, the motion was denied by Mr. Justice Patterson, with costs." The motion to remove the trustee was denied by Judge Patterson.

The matter asked to be stricken out of the affidavit of Mr. Van Ness is that part of the following extract which is printed in brackets: "The facts in regard to the proceedings to amend the judgment in the construction suit, referred to in said Woodruff's affidavit, are as follows:   That some time after the giving of the said general release by the said Husted [it was discovered that the said judgment in favor of the said Husted was procured by the fraud and deceit of the said Woodruff], and that the facts and circumstances touching the same are set forth in the affidavits hereto annexed, which have been served upon the said Woodruff, and are filed with the clerk of this court, together with a copy of the opinion of Justice Patterson on said motion, and that said motion was not denied on the merits, but on the ground that the remedy was to move to vacate, which motion has been made and is now pending."

On the hearing of the motion to strike out it was ordered "that it be referred to Gilbert M. Speir, Jr., Esq., counsellor at law, as a referee to hear, determine, and report whether the judgment obtained by Gilbert M. Husted in this court, mentioned in the moving papers, 'was procured by the fraud and deceit of the said Woodruff.'"

The referee reported that the judgment was not obtained by the fraud of the said Woodruff.

Mr. Woodruff then moved to confirm the referee, and it was ordered "that the said motions as made to confirm the said report of said referee, and to

strike out, be, and the same hereby are, granted; and that from the affidavit of Edward Van Ness filed in the office of the clerk of this court on October 10, 1892, the allegation referred to in the moving papers herein, to wit, the words, 'It was discovered that the said judgment in favor of Husted was procured by the fraud and deceit of said Woodruff,' be, and the same are, ordered stricken out and expunged from the record as false and scandalous, with ten dollars costs of motion and disbursements herein to be taxed by the clerk of this court; and that said costs of motion and said disbursements of said reference herein as so taxed be paid by said Edward Van Ness and said Augustus Cruikshank, the respondents herein, to said A. Edward Woodruff. And it is further ordered that in case of an appeal being taken herein from the order confirming the report of the referee, that such appeal may be heard on a case or bill of exceptions herein to be proposed by the said respondents, and to be settled by the said referee as on an appeal from a judgment. And it is further ordered that proceedings to enforce this order be stayed for thirty days from the date of this order, and, in the event of an appeal being taken therefrom, that such proceedings be, and they hereby are, stayed until ten days after the hearing and determination of such appeal."

Argued before VAN BRUNT, P. J., and O'BRIEN and FOLLETT, JJ.

E. C. Perkins, for appellant.

A. E. Woodruff, for respondent.

PER CURIAM. The court, upon a practice motion, has no power to make an order of reference to hear and determine. The only order which can be made is to take the testimony, and report with his opinion. Upon the merits we are of opinion that the court had no authority to strike out relevant averments simply because they are claimed to be untrue. The order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.