HOARD, Respondent, v. PICARD, Appellant. (Supreme Court, General Term, Fourth Department. September, 1894.) Action by Charles Hoard against Abraham Picard. No opinion. Order affirmed, with $10 costs and disbursements. See 29 N. Y. Supp. 302.

HOWARD, Respondent, v. MOLLER, Appellant. (City Court of New York, General Term. January 12, 1895.) Action by John Howard against John A. Moller. For former report, see 29 N. Y. Supp. 599. Johnston & Johnston, for appellant. Dennis Spellissy, for respondent.

PER CURIAM. Appeal from an order granting leave to amend a complaint. We think the case of Walton v. Mather, 10 Misc. Rep. 216, 31 N. Y. Supp. 111, is decisive upon the question of terms, and that the order appealed from should be reversed, with costs, and amendment allowed upon payment of all costs to date.

JACOBS et al. v. ELIAS et al. (Supreme Court, General Term, Second Department. December 10, 1894.) Action by Philip Jacobs and others against Joseph Elias and others. No opinion. Order affirmed.

JENCKS, Respondent, v. SAALFIELD, Appellant. (Superior Court of New York City, General Term. January 7, 1895.) Action by Francis M. Jencks against Lizzie T. Saalfield, impleaded, etc. Horwitz & Hershfield (E. A. Alexander, of counsel), for appellant. Clarence L. Westcott, for respondent.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements.

JONES, Respondent, v. CRUM et al., Appellants. (Supreme Court, General Term, Fifth Department. December 27, 1894.) Action by Daniel W. Jones against William R. Crum and others. No opinion. Judgment appealed from reversed, and new trial granted, costs to abide the event, on decision of the same case in 6 N. Y. Supp. 338.

KELLOGG, Respondent, v. INDUSTRIAL BENEFIT ASS'N, Appellant. (Supreme Court, General Term, Fourth Department. September, 1894.) Action by Carrie M. Kellogg, as administratrix, etc., against Industrial Benefit Association. No opinion. Judgment and order reversed, and a new trial ordered, with costs to abide the event, unless the plaintiff stipulates to reduce the recovery of damages to $111.15, in which event the judgment as so modified is affirmed, without costs of the appeal to either party.

KENNEDY v. DELAWARE & H. CANAL CO. (Supreme Court, General Term, Third Department. December 4, 1894.) Action by John J. Kennedy against the Delaware & Hudson Canal Company. No opinion. Judgment affirmed, with costs.

KETCHUM, Respondent, v. LEWIS, Appellant. (Supreme Court, General Term, Fifth Department. December 27, 1894.) Action by William H. Ketchum against Eugene E. Lewis. No opinion. Judgment appealed from affirmed, with costs. See 19 N. Y. Supp. 452.

KLEMM, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, General Term, Second Department. December 10, 1894.) Action by Anthony Klemm against the New York Central & Hudson River Railroad Company. Hearing on reargument. See 28 N. Y. Supp. 861; 29 N. Y. Supp. 1145. Ashbel Green (A. S. Cassedy, of counsel), for appellant. William D. Dickey, for respondent.

CULLEN, J. I vote to reverse judgment and order a new trial unless plaintiff consents to reduce verdict to $2,500, in which case it is affirmed, without costs, on opinion of DYKMAN, J., on previous argument.

KNIGHT, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, General Term, Third Department. December 4, 1894.) Action by Frank S. Knight against the New York Central & Hudson River Railroad Company. No opinion. Judgment affirmed, with costs.

KNOWLTON, Respondent, v. KNOWLTON, Appellant. (Supreme Court, General Term, Fourth Department. September, 1894.) Action by Harry A. Knowlton against Elizabeth Knowlton. No opinion. Judgment affirmed, without costs to either party.

KRAUSS, Appellant, v. WALLKILL VAL. R. CO., Respondent. (Supreme Court, General Term, Third Department. December 4, 1894.) Action by Hattie Krauss, administratrix, against the Wallkill Valley Railroad Company. William Lounsbery, for appellant. Ashbel Green (F. L. Westbrook, of counsel), for respondent.

MAYHAM, P. J. I see no material change in the testimony in this case from the evidence as it appeared on the former trial. On the appeal taken to this court from the judgment on that trial, the judgment was reversed, and a new trial ordered, on the ground of failure of the plaintiff to establish absence of contributory negligence on the part of the deceased. 23 N. Y. Supp. 432. If we are right in that conclusion, then it was not error for the learned trial judge to nonsuit the plaintiff on this trial. As the only exceptions taken in this case were to the refusal of the trial judge to submit the case to the jury, and to the granting of a nonsuit, the judgment should be affirmed. Judgment affirmed, with costs.

LA SOCIETE ANONYME DE L'UNION DES PAPETERIES, Respondent, v. MARKS et al., Appellants. (Supreme Court, General Term, First Department. December 14, 1894.) Action by La Societe Anonyme de L'Union Des Papeteries against Samuel M. Marks and Jules Meyer. Abram Kling, for appellants. Coudert Bros., for respondent.

PER CURIAM. Judgment and order affirmed, with costs, on the opinion delivered on the former appeal, and reported in 21 N. Y. Supp. 706.

LAWRENCE v. TOWN OF HEMPSTEAD. (Supreme Court, General Term, Second Department. December 10, 1894.) Action by Newbold T. Lawrence against the town of Hempstead.

BROWN, J. In this case I concur with the views expressed by Justice PRATT in his opinion written on the former argument. The judgment must therefore be reversed, and there must be a new trial, with costs to abide the event. In this conclusion Justice PRATT concurs. See 29 N. Y. Supp. 1146.

In re LORD'S ESTATE. (Supreme Court, General Term, First Department. January 18, 1895.) No opinion. Motion denied. See 30 N. Y. Supp. 1117.

LYNCH, Respondent, v. LOVE, Appellant. (Common Pleas of New York City and County, General Term. January 7, 1895.) Action by Thomas A. Lynch against Catharine Love. James R. Angel, for appellant. William F. Browne, for respondent.

PER CURIAM. The judgment in favor of the plaintiff is found to be supported by the evidence, and, while the record presents a conflict of testimony, there is no such preponderance in favor of the appellant's contention as should justify a reversal. The record contains no exceptions to rulings made below. Judgment affirmed, with costs.