(13 Misc. Rep. 19.)

## MAHON v. BURNS.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Application of the rules that a scintilla of proof by the plaintiff will not avoid a nonsuit, and that, in an action for negligent injury, evidence of freedom from contributory negligence is an indispensable part of plaintiff's case.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Josephine Mahon against Patrick Burns.   From a judgment of the city court (29 N. Y. Supp. 682) affirming a judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Lyman W. Redington, for appellant.
Joseph Steinert, for respondent.

PRYOR, J.   The plaintiff incurred the injury of which she complains in going along the hallway to the water-closet.   She was the tenant of the defendant; and, as landlord, he owed her the duty of reasonable care to keep the hallway in a condition for safe passage.   Peil v. Reinhart, 127 N. Y. 381, 384, 27 N. E. 1077.   The evidence suffices to authorize the inference that the way was blocked by an obstruction, and that the obstruction was caused by persons engaged in replacing the floor of the hall with tiles.   It is not apparent, however, that these persons were the servants of the defendant, but it seems rather that they were workmen under an independent contractor.   "In order to establish the liability of one person for an injury caused by the negligence of another, it is not enough to show that the latter was at the time acting under an employment by the former; it must be shown, in addition, that the employment created the relation of master and servant."   Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755.   Nor is it apparent that the defendant either knew or by due diligence would have known of the obstruction.   How long it had existed at the time of the accident is not apparent; and, for aught in the evidence, it was interposed too recently for the defendant, though alert, to be aware of it.   Neither may it be said that the omission to light the hallway at 10:30 in the night was negligence, unless upon proof that the defendant was cognizant of the obstruction.   Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580.   When it is considered that the cause of plaintiff's injury was not a want of repair to the premises,—she testifies that the repairs were then complete,—but a casual obstruction in the hallway, the irrelevancy of the authorities adduced by appellant is sufficiently obvious.   The conclusion is that the proof of defendant's negligence was too unsubstantial for submission to the jury. Dwight v. Insurance Co., 103 N. Y. 341, 359, 8 N. E. 654.   Conceding the contrary, however, and still the dismissal of the complaint was not error.   It is fundamental in the law of this state that, to support an action for negligent injury, the plaintiff must establish his

own freedom from contributory negligence (Reynolds v. Railroad Co., 58 N. Y. 248, 250); and, "when the circumstances point as much to the negligence of the plaintiff as to its absence, or point in neither direction, a nonsuit should be granted" (Wiwirowski v. Railway Co., 124 N. Y. 420, 425, 26 N. E. 1023). In the case before us, the plaintiff knew that on Tuesday the hallway was not open to passage, that on the morning of Wednesday—the day of the accident—the men were still at work upon it, that "a couple of planks outside seemed to be protecting some work at the side," and "a few little boards may have been there." She knew, also, that the gas was not lit, and that the hallway was dark. Nevertheless, "supposing that all was then done, and I could go right out to the water-closet," she ventured along in the darkness of the night until, "a few feet from the back door, I struck against some hard substance, and hurt myself badly." Such is the plaintiff's story; and, assuming it to be true, it not only fails to show absence of negligence on her part, but plainly indicates that her injury was the effect of her own carelessness. Hilsenbeck v. Guhring, supra.

The exception to the exclusion of evidence of the condition of the hall on Monday is untenable, because the question was as to its condition on Wednesday, when, by the plaintiff's own testimony, it was in a very different state. Moreover, if the ruling be wrong, it does not affect the issue of contributory negligence, for which alone the complaint was properly dismissed. Judgment and order affirmed, with costs. All concur.