respect is that the widow's dower was ascertained as being worth $^{11}/_{75}$ of the testator's realty, and that each defendant only received one-quarter of the remainder, equal to $^{16}/_{75}$. The mistake in this computation arises from the failure to observe that a widow's dower is no part of the estate of a deceased husband. Chamberlain v. Chamberlain, 43 N. Y. 424–440. The estate of the husband was but $^{64}/_{75}$ of the whole value of the realty, and of this the defendant Frederick inherited a fourth. He is therefore liable for a quarter of the debt of his ancestor.

The judgment should be modified by increasing the liability of the defendant Frederick to one-quarter of any deficiency that may arise on the foreclosure sale, and in all other respects affirmed, with costs of appeal to the plaintiff as against the defendant Frederick B. Latimer, and with costs of appeal to the other defendants as against the plaintiff. All concur.

(9 App. Div. 66.)

### NEUDOERFFER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

ACCIDENTS AT RAILROAD CROSSINGS—RULE OF "STOP, LOOK, AND LISTEN."
  In New York it is not negligence per se for a person to attempt to cross a railroad without first stopping, looking, and listening. McQuade v. Railway Co. (Sup.) 39 N. Y. Supp. 335, criticised.

Appeal from trial term, Kings county.

Action by Ernst Neudoerffer against the Brooklyn Heights Railroad Company for personal injuries resulting from the collision between one of defendant's cars and plaintiff's wagon, alleged to have been caused by the negligence of defendant. From a judgment entered on a verdict in favor of plaintiff for $3,000, together with $293.97 costs, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

William W. Goodrich, for appellant.

Isaac M. Kapper and Thomas E. Pearsall, for respondent.

PER CURIAM. The only points made upon this appeal are that the evidence failed to show any negligence on the part of the defendant, on the one hand, and demonstrated the contributory negligence of the plaintiff, on the other. After a careful reading of the record, we are satisfied that there was enough to go to the jury on both questions. There is no suggestion that the verdict was excessive. The case of McQuade v. Railway Co. (Sup.) 39 N. Y. Supp. 335, cited in behalf of the appellant, was so different from the present case in its facts that we do not see how it has any application to the circumstances of a collision between a street car and a wagon. There the plaintiff, who was crossing the street on foot, with her head bundled up to protect her against the cold, unwittingly ran right into the side of the car. The case at bar presents

no feature analogous to this. In the case cited the New York appellate term refers to Omslaer v. Traction Co., 168 Pa. St., at page 521, 32 Atl. 51, with evident approval, and quotes therefrom as follows:

"The rule of 'stop, look, and listen' before attempting to cross the tracks of a steam railroad is inflexible, and nonobservance is negligence per se. So much of this rule as requires a person about to cross the tracks of a steam railroad to look and listen to discover whether the train is approaching is applicable to the crossing of a street railway operated by cable or electricity."

The learned counsel for the appellant copies this quotation in his brief, and the same passage has lately been brought to our attention by counsel in a number of other cases. It seems necessary, therefore, to point out that it is not a correct statement of the law in this state, so far as it declares it to be negligence per se on the part of a person who does not stop before attempting to cross the tracks of a steam railroad. The rule of "stop, look, and listen" prevails in Pennsylvania, but not in New York. Davis v. Railroad Co., 47 N. Y. 400. This hard and fast rule is justly criticised by Mr. C. Stuart Patterson, himself a Pennsylvanian, in his careful and useful treatise on Railway Accident Law (section 175), where he says:

"The Pennsylvania rule also goes further than that in most jurisdictions, in that it requires the person injured not only to look and listen, but also to stop; yet in most cases one who approaches the crossing of a railway line can effectually care for his safety by looking and listening, without stopping."

Judgment and order affirmed, with costs.