PEB CUBIAM.
— The only points made upon this appeal are that the evidence failed to show any negligence on the part of the defendant, on the one hand, and demonstrated the *508 contributory negligence of the plaintiff, on the other. After a careful reading of the record we are satisfied that there was enough to go the jury on both questions. There is no suggestion that there verdict was excessive. The case of McQuade v. Railway Co. (Sup.) 39 N. Y. Supp. 335, cited in behalf of the appellant, was so different from the present case in its facts that we do not see how it has any application to the circumstances of a collision between a street car and a wagon. There the plaintiff, who was crossing- the street on foot, with her head bundled up to protect her against the cold, unwittingly ran right into the side of the car. The case at bar presents no feature analogous to this. In the case cited the New York appellate term refers to Omslaer v. Traction Co., 168 Pa. St., at page 521, 32 Alt. 51, with evident approval and quotes therefrom as follows:
“The rule of ‘stop, look, and listen,’ before attempting to to cross the tracks of a steam railroad, is inflexible, and nonobservance is negligence per se. So much of this rule as requires a person about to cross the tracks of a steam railroad to look and listen to discover whether the train is approaching is applicable to the crossing of a street railway operated by cable or electricity.”
The learned counsel for the appellant copies this quotation in his brief, and the same passage has lately been brought to our attention by counsel in a number of other cases. It seems necessary, therefore, to point out that it is not a correct statement of the law in this state, so far as it declares it to be negligence per se on the part of a person who does not stop before attempting to cross the tracks of a steam railroad. The rule of “stop, look, and listen” prevails in Pennsylvania, but not in New York. Davis v. Railroad Co., 47 N. Y. 400. This hard and fast rule is justly criticised by Mr. C. Stuart Patterson, himself a Pennyslvanian, in his careful and useful treatise on Railway Accident Law (§ 170), where he says:
“The Pennyslvania rule also goes further than that in most jurisdictions, in that it requires the person injured not only to look and listen, but also to stop; yet in most cases one who approaches the crossing of the railway line can effectively care for his safety by looking and listening, without stopping.”
Judgment and order affirmed, with costs.