COWAN *v.* THIRD-AVE. R. CO.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

HORSE AND STREET RAILROADS—INJURIES TO PERSONS ON TRACK—CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries, it was shown that plaintiff was crossing defendant's cable road on Third avenue, in New York city, and was struck by a car. She testified that she was in the habit of looking for cars at crossings, but could not say whether she did on this occasion or not. It appeared that the avenue was entirely clear, and plaintiff, whose eye-sight was good, could easily have seen the approaching car. An eye-witness testified that plaintiff went on the track without looking on one side or the other, and with her head down. *Held,* that plaintiff was guilty of contributory negligence, and could not recover.

Appeal from circuit court, New York county; GEORGE C. BARRETT, Justice.

Action for personal injuries by Catherine Cowan against the Third-Avenue Railroad Company. Verdict and judgment for plaintiff for $1,750, and defendant appealed.

Argued before VAN BRUNT, P. J., and DANIELS and BRADY, JJ.

*J. H. Lyon,* for appellant. *C. E. Miller,* for respondent.

VAN BRUNT, P. J. The plaintiff in this action was injured at the north crossing of One Hundred and Sixtieth street and Tenth avenue, in the city of New York, by coming in contact with a car on the down track of the defendant's cable road. The defendant moved to dismiss the complaint upon the ground that the plaintiff did not show that she was not guilty of contributory negligence, and the exception taken upon the denial of this motion raises the main question upon this appeal. An examination of the record in this case shows that there is no proof whatever that the plaintiff, before attempting to cross the tracks of the defendant, looked to see whether there was any danger to be apprehended, or any car coming which it was necessary for her to avoid. It is true that, in various parts of her testimony, she intimates that she did look, but upon her cross-examination she distinctly states that she cannot say whether she looked or not, and her whole testimony is dependent upon the fact that it was a habit of hers to look. The testimony of the plaintiff is exceedingly unsatisfactory in the fact that it is impossible for her to state how the accident happened. It appears that, at the time of the happening of the accident, the avenue was entirely clear; and, if she had looked for a car, she must have seen it; and that her eye-sight was perfect. And at least one of the witnesses swore that she was going across the avenue with her head down, neither looking upon one side or the other. The necessity upon the part of a passenger, in crossing a railway in the city of New York, to look to ascertain whether there are vehicles coming which may endanger the crossing, is too well settled to need authority. It is the duty of every such passenger to make a reasonably vigilant use of their eyes and ears to ascertain whether, in crossing a street, any danger will be incurred. In the case at bar the evidence shows an utter failure upon the part of the plaintiff to use that diligence which the law requires of passengers crossing a street. The most that she testified to was that she was in the habit of looking, but she would not testify that she did look upon this occasion; and it is apparent that, if she had looked, she would have seen the car and the danger. The

fact that she did not look, is supported by the testimony of one of the witnesses who was called upon the part of the plaintiff, and he was an eye-witness of the accident. Such being the condition of the evidence, the plaintiff failed to show that she had used that care which a person of reasonable prudence would have used under the circumstances, and therefore that she was guilty of contributory negligence; and, under these circumstances, it was the duty of the court to have dismissed the complaint, and it was error to submit the question to the jury.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

DANIELS and BRADY, JJ., concur.