In July, 1889, while the plaintiff was a passenger in one of the cars of the defendant corporation, she was injured in a collision between the car and a truck of the other defendant, and she brought this action to recover damages for her injuries, alleging that they were caused by the concurring negligence of both defendants.
It is not important now to detail the circumstances attending the injury of the plaintiff. A careful scrutiny of the evidence leaves no doubt upon our minds that it fairly tended to show concurring negligence of both defendants, and the verdict of the jury, approved by the General Term, therefore, concludes us. Hence, we have only to consider whether any exceptions taken by the defendants, or either of them, upon the trial point out error.
The collision causing the injury of the plaintiff took place while the car was crossing and the truck was going up Broadway. The claim of the plaintiff and of the railroad company was that the driver of the truck was negligent because he did *Page 129 
not keep the truck out of the way of the car, and drove the truck with its load against the car. Upon the trial, a witness was called for the railroad company, of large experience as an owner, driver and manager of trucks and well acquainted with the locality where the collision occurred, and he was asked this question: "Suppose a truck weighing nineteen hundred pounds or thereabouts, carrying a load of thirty-six hundred pounds or thereabouts, and drawn by a horse weighing twelve to thirteen hundred pounds or thereabouts, and that the horse and truck were being driven up Broadway and were at the time within one hundred feet south of Walker street driving north, with the horse on a walk, and the horse being a gentle and tractable animal under full control at the time, within what distance could such a truck, under such circumstances, be stopped, the pavement being wet by sprinkling carts?" This was objected to on behalf of the defendant Westing as "incompetent and that it is not a question for an expert," and the objection was overruled and the witness answered: "Between three and four feet." This belongs to a class of questions not much to be encouraged. The answer to such a question can be of but little service to jurors. They are generally well acquainted with such common things as trucks and horses, and the power, actions and capacity of horses which, particularly in the city of New York, are constantly open to observation. Yet we cannot say that the expert witness did not know more about the subject of inquiry than ordinary jurors can generaly be supposed to know. The question is barely competent, and probably was not harmful; and the judgment should not, therefore, be reversed because the judge allowed it to be answered.
The counsel for the railroad company, in a variety of forms, requested the judge to charge that the railroad company with its car crossing the street had the right of way and the paramount and superior right in the street which the driver of the truck was bound to respect, and he refused so to charge, and this refusal is now complained of as error. The rule invoked by these requests has its application where the tracks of street *Page 130 
railways are laid in the streets. As the cars must run upon the tracks and cannot turn out for vehicles drawn by horses, they must have the preference and such vehicles must, as they can, in a reasonable manner, keep off from the railroad tracks so as to permit the free and unobstructed passage of the cars. In no other way can street railways be operated. As to such vehicles the railways have the paramount right to be exercised in a reasonable and prudent manner. But a railway crossing a street stands upon a different footing. The car has the right to cross and must cross the street, and the vehicle has the right to cross and must cross the railroad track. Neither has a superior right to the other. The right of each must be exercised with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful manner, so as not unreasonably to abridge or interfere with the right of the other.
After the judge had charged the jury, the counsel for the defendant Westing was proceeding to ask the judge to charge some request and the judge said to him that he declined to receive any more requests from him, and to this the counsel excepted, and he now claims that his client's rights were erroneously abridged. InChapman v. McCormick (86 N.Y. 479), we held that it is the legal right of counsel on the trial of an action to submit propositions bearing upon the action, and that it is the duty of the court to instruct the jury on each proposition, and that a denial of such right is the subject of exception and of review upon appeal. But the facts of this case do not bring it within the rule there laid down nor within the reasons which induced the decision in that case. Here, before the judge commenced his charge, the counsel for the respective parties handed up to him requests to charge, and he either charged or refused to charge such requests. After the judge had finished his charge and passed upon the requests to charge, the counsel for defendant Westing made a further request to charge, when the judge asked him if he had "anything else?" He replied, "That is all I wish for that." The judge then said, "Go on," and then he made another request and the judge charged as to the request in a manner satisfactory to him, and *Page 131 
he then apparently took his seat. The counsel for the railroad company then made a request to charge which the judge acceded to. Then the counsel for Westing again arose and proceeded to make a further request which the court declined to hear or receive. Here the judge did not abuse his discretion. His refusal to hear or receive the further request was not arbitrary. He had fully and fairly laid down the law applicable to the facts of the case. The counsel for the defendant Westing had had full opportunity to make his requests, and had made them so far as he deemed important, both before and after the charge was made, and whether after that he should be permitted to prolong the trial and still further vex the judge with requests rested in his discretion. The counsel of a party cannot ask as a right unreasonably to prolong a trial, by the examination of witnesses, or by debates to the court or jury, or by innumerable and interminable requests to charge. In these matters, the judge has some discretion to be exercised in the interest of justice and with a due regard to the rights and interests of the parties. A party has the right to a reasonable opportunity to present his evidence, objections and requests, and after he has had that he cannot complain of reasonable restrictions and limitations put upon the exercise of his right by the judge in the fair use of the discretion which he undoubtedly possesses.
There are various other exceptions in the case, to some of which our attention has also been called. But they point out no error and need no further attention here.
The judgment should be affirmed, with costs.
All concur.
Judgment affirmed. *Page 132