that constituted no objection to the answer. To ask a witness, as an expert, to account, if he could, for certain results, and then to confine him in his answer to those matters only which were already in evidence, would, it seems to us, present a barrier to a truthful answer to the question.

For the reasons above stated, we think the judgment and order denying motion for a new trial should be affirmed, with costs.

----

(14 Misc. Rep. 384.)

## CHAPMAN v. ATLANTIC AVE. R. CO.

(City Court of Brooklyn, General Term. November 25, 1895.)

1. STREET RAILROADS—RIGHTS IN STREET.
   At an intersection of streets, a street-railway company occupying one and a truck driver crossing its tracks from the other have equal rights of way.

2. PERMANENT DISABILITY—EXCESSIVE DAMAGES.
   A verdict for $15,000, for injuries confining plaintiff to the hospital for one year, at a loss of $12 per week in wages, and resulting in varicose veins, which permanently impaired the full use of one leg, is excessive.

Appeal from trial term.

Action by Edward Chapman against the Atlantic Avenue Railroad Company for personal injuries. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Morris & Whitehouse, for appellant.

Chas. J. Patterson, for respondent.

CLEMENT, C. J. We are of opinion that the question as to the contributory negligence of the plaintiff, and the other question as to the negligence of the motorman in the employ of the defendant, were properly submitted to the jury. The railroad company did not have the paramount right of way, as would be the case if the truck had been driving in the street on which the tracks of the defendant were laid. The plaintiff was driving across the tracks, on an intersecting street, and the right of way was equal between the parties. O'Neill v. Railroad Co., 129 N. Y. 125, 29 N. E. 84; Buhrens v. Railroad Co. (Sup.) 6 N. Y. Supp. 224, affirmed 125 N. Y. 702, 26 N. E. 752.

We have carefully considered the testimony in the case bearing on the question of damages, and conclude that the verdict for $15,000 was excessive. The plaintiff was earning, at the time of his injury, $12 per week, and was confined in the hospital, by reason of his injury, for a period of about a year. During a portion of the time he suffered pain, and for his loss of time while in the hospital, and for his suffering, he is entitled to just compensation. His permanent injuries, for which he is also entitled to compensation, are as follows: The fleshy part of the calf of the right leg is two inches larger in circumference than the other, the veins are in a varicose

condition, there are three scars, and the leg is so impaired by the varicose veins that he cannot do hard or heavy work. He can walk and use his leg, but, if he engaged in hard work, his leg might be further injured. The only permanent injury which is seriously to be considered is the varicose veins. It is a well-known fact that many persons are so afflicted, and that such a condition impairs the use of a limb for long walks, or, perhaps, heavy work; but, with care and proper appliances, such an injury does not deprive the person of the use of the leg for nearly all practical purposes. As said before, the plaintiff was entitled to compensation for loss of wages during the time he could not work, for all pain and suffering, the result of the injury, and for the permanent impairment of the use of his leg. The sum of $15,000 seems to us grossly excessive, in view of the injuries sustained by plaintiff, and we conclude that the verdict should be reduced to the sum of $8,000.

Judgment and order denying new trial reversed, and a new trial granted, costs to abide the event, unless plaintiff consents to reduce the verdict to $8,000, and the allowance to 5 per cent. on that amount, in which case the judgment and order denying new trial should be affirmed, without costs.

VAN WYCK, J., concurs.

------

(14 Misc. Rep. 398.)

### FAUROT v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term. November 25, 1895.)

STREET CARS—INJURY TO PERSON CROSSING TRACK.
   While plaintiff was crossing, on foot, defendant's street-car tracks, she was struck by a west-bound electric car, running at an excessive speed. Before going on the tracks, plaintiff had waited till a west-bound car had passed, and she was looking west, in order to avoid any car approaching from that direction, when she was struck. *Held*, that the questions of negligence and contributory negligence were for the jury.

Appeal from trial term.