(16 Misc. Rep. 11.)

## REILLY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department.  February 26, 1896.)

1. STREET RAILWAY—COLLISION—CONTRIBUTORY NEGLIGENCE.

It is not contributory negligence, as a matter of law, for the driver of a dirt car to attempt to cross the tracks of a street railway when the car is 80 feet distant and approaching at the rate of 7 miles an hour.

2. SAME—NEGLIGENCE.

Where there is evidence, in an action against a street-railway company for personal injuries received in a collision with defendant's cable car, that plaintiff, who attempted to cross defendant's tracks when the car was 80 feet distant, motioned the car to stop, and whipped up his horse to clear the track, and that no attempt was made to slacken the speed of the car, which was approaching at the speed of 7 miles an hour, the question whether defendant was negligent is for the jury.

3. TRIAL—INSTRUCTIONS.

It is proper to refuse to instruct that, if defendant's witnesses are entitled to be believed equally with plaintiff's, then defendant is entitled to a verdict.

4. SAME.

Where there is a direct conflict in the testimony of the witnesses for plaintiff and that of the witnesses for defendant, its employés, it is not error to instruct that the jury may disregard the testimony of any witness.

Appeal from city court, general term.

Action for personal injuries, received in a collision with a cable car, by John Reilly against the Third Avenue Railroad Company of New York City.  From a judgment of the general term (35 N. Y. Supp. 1030) affirming a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hoadly, Lauterbach & Johnson (H. L. Scheuerman, of counsel), for appellant.

C. Sheldon Carothers, for respondent.

McADAM, J.  The action is to recover damages for personal injuries to the plaintiff caused by the negligence of the defendant.  On the afternoon of April 16, 1894, the plaintiff was driving a one-horse, two-wheeled tipcart, loaded with dirt, along Fortieth street, in an easterly direction, towards the East river.  When about to cross Third avenue, at that street, just as he was going upon the crossing of the west side of the avenue, he observed one of defendant's cars going up town upon the easterly track, about 200 feet, or a block, away, and continued driving across the avenue, thinking he had ample time to cross the track before the car reached him.  When the head of the horse reached and was "just upon" the easterly (or up-town) track, the defendant's car was then, as estimated by the plaintiff, 80 feet away; and, although the car was going at the rate of 7 miles an hour, as estimated by the plaintiff, he testified that it did not slacken its speed,—"not one jot."  The plaintiff put up his hand for the gripman to keep back, and drove as fast as he could with his heavy load, striking his horse with the ends of the lines, so as to get out of the way of the car.  He was almost clear of the track, when the front dashboard of the car struck the tail end of the cart, hitting

the heel stick of the cart. The car pushed and knocked the cart around, and off the track, and the plaintiff was thrown off, and under the front wheel of his cart. The horse started, and pulled the cart wheel over plaintiff's right leg, breaking it, and he also received bruises upon his head, a slight scalp wound, and some injury to the bones of one of his fingers. The plaintiff was subsequently taken to a police station, and thence in an ambulance to Bellevue Hospital, where he remained for over five weeks.

The facts stated were sufficient to entitle the plaintiff to go to the jury on the question of negligence on the part of the defendant and freedom from fault on the part of the plaintiff. The injuries were sustained at a street crossing. Both vehicles had a right to cross, and neither had any right superior to the other. The right of each should be exercised in a reasonable and careful manner, so as not to unreasonably abridge or interfere with the rights of the other. O'Neil v. Railroad Co., 129 N. Y. 125, 130, 29 N. E. 84. In Mills v. Railroad Co., 10 Misc. Rep. 1, 30 N. Y. Supp. 532, the plaintiff, when at a distance of 12 feet, attempted to cross the defendant's tracks when an approaching car was but 60 feet distant. The court refused to charge, as matter of law, that the plaintiff was guilty of contributory negligence, and held it was plainly a question for the jury to determine. It is apparent that if a person about to cross the tracks of a city railroad, at a crossing, were to wait until no car was in sight, the traffic of a city would be almost suspended in certain quarters.

The defendant requested the court to charge that, "if the jury find it is a fact that the defendant's witnesses are entitled to be believed equally with the plaintiff's, then the defendant is entitled to a verdict." The court declined to so charge, saying, "The value of the testimony is for the jury." There is no force in the exception taken to this refusal. In Dolan v. Canal Co., 71 N. Y. 285, the court, at page 290, said:

"It is not strictly proper to refer to the testimony of a witness, and ask the court to charge that, if the jury believe that witness, they must find in a certain way, or that a certain legal conclusion follows, because it prevents the jury from construing the evidence, and determining what facts it does establish. * * * This would preclude the jury from determining what particular facts Murphy's evidence, if truthful, did establish; the time when, the place where, and the character of the signals given; and also to determine the effect of any discrepancies or ambiguities there may have been in his evidence."

The court, therefore, properly told the jury the value of the testimony was for them to determine.

The defendant also requested the court to charge that "the jury are not bound to believe the testimony of the plaintiff, even though it were not contradicted or impeached." The court declined to so charge, because "it assumes a condition of things that don't exist,— it is contradicted." No exception was taken to this refusal, and the court voluntarily charged that "the jury are not bound to believe the testimony of any witness. You, gentlemen, may disregard the testimony of any of the witnesses." The plaintiff's counsel then contended "that the same rule applied to all the witnesses in

the employ of the defendant." The court said, "Certainly," and the defendant excepted. As there was a direct conflict between the evidence given by the plaintiff and his witnesses, on the one hand, and that given by the defendant's witnesses, on the other, the charge was unobjectionable, particularly when construed with what preceded it. The defendant's employés were not wholly disinterested. Kavanagh v. Wilson, 70 N. Y. 177.

The charge, as a whole, conveyed to the jury the correct rule of law. The rights of the defendant were fully protected, and, where language employed is capable of different constructions, that construction will be adopted which will lead to an affirmance of the judgment, unless it fairly appears that the jury were or might be misled. See cases collated in Baylies, New Tr. 182, 183. There was nothing misleading in the charge made. The court did not charge, as in Uransky v. Railroad Co., 13 N. Y. Supp. 670, "that the defendant's employés were not disinterested, and their evidence should be subjected to as severe a criticism as the plaintiff's." Nor did the court in any manner refer to the defendant's employés as interested witnesses. The right to disbelieve them was impliedly placed upon the ground that they were contradicted. Hence, it was for the jury to determine, for themselves, from the inherent probabilities of the case, which of the several witnesses on either side was telling the truth.

We find no error, and the judgment appealed from must be affirmed, with costs. All concur.