CULLEN, J.
A preliminary objection is made that we cannot review the decision of the trial term granting a nonsuit, because the record before us does not show that the case contains all the evidence. The statement in the record is that the case contains all the Testimony taken on the trial. Assuming that the term “testimony” is not the equivalent of “evidence,” as has been held in the First department, which, however, we are not prepared to concede, it does not affect the question before us. As the plaintiff seeks review of a question of law only, no certificate that the case contains all the evidence is necessary. Halpin v. Phœnix Insurance Co., 118 N. Y. 165; 28 St. Rep. 788; Englehardt v. Benjamin, App. Div., 2d Dept., unreported.
*19 The evidence on the trial tended to show that the plaintiff’s intestate was riding in a wagon, with three other men, on the Southern Boulevard, across Boston avenue, upon which latter street the defendant operated a trolley railroad. The wagon was driven by one Madden, and the deceased was riding in it as Madden’s guest. When the wagon reached the railroad, the trolley car was approaching the crossing, being then at a distance of some 150 yards from it. Madden slowed his horse to a walk, and proceeded across the tracks. Before he had cleared the tracks, the trolley car struck the hind wheel of the wagon, and overturned it. The deceased was thrown out and killed. We think that these facts presented a proper case to be submitted to the jury to pass upon. The wagon was being driven across the railroad, not within its tracks. The defendant’s car had no paramount right of way at the crossing. O’Neil v. D. D., E. B. & B. Railroad Co., 129 N. Y. 125; 41 St. Rep. 107. The distance from the car to the crossing at the time Madden sought to cross, was such as to enable the wagon to pass safely if the defendant’s car had been properly managed; and this Madden and the deceased had a right to expect. The wagon was prior in time at the crossing, and therefore prior in right. The driver was not bound to get out of the way of the car, nor can it be said to be negligence on his part that he proceeded to cross at a walk. There are doubtless some improbabilities in the testimony given by plaintiff’s witnesses. These were for the consideration of the jury. They were not such or so gross that the court could say as a matter of law that the truth of the narrative was impossible. On the facts testified to, the case falls within that of Buhrens v. D. D., E. B. & B. Railroad Co., 53 Hun, 571; 25 St. Rep. 191; and the question of contributory negligence was for the jury.
The judgment appealed from should be reversed, and a new trial ordered; costs to abide the event,.
All concur.