parent that any injustice has been done; and therefore, even if erroneous, the judgment appealed from should not be disturbed.

We think that the judgment and order appealed from should be affirmed, with costs. All concur.

---

## DOLLER v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

STREET RAILROADS — INJURIES TO PERSON ON TRACK — CONTRIBUTORY NEGLIGENCE.

Plaintiff's intestate, while crossing the street in the middle of a block, was struck by defendant's electric car. The street was lighted by electric lights, the view of the track was unobstructed, and the car carried a headlight. There was no evidence that intestate looked to see if a car was approaching, but it appeared that he stepped on the track immediately in front of the car. *Held*, that he was guilty of contributory negligence. Rumsey, J., dissenting.

Appeal from circuit court, New York county.

Action by Barbara Doller, as administratrix of John Doller, deceased, against the Union Railway Company of New York City, to recover damages for the death of plaintiff's intestate. A judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Henry L. Scheuerman, for appellant.
Jonathan C. Ross, for respondent.

INGRAHAM, J. The plaintiff's intestate, 28 years old, who was employed as a peddler, was on the 20th day of December, 1893, as he was crossing the track of the defendant railroad, about half past 10 at night, run over by one of the defendant's cars, and killed; and this appeal is from a judgment entered upon a verdict of the jury in favor of the plaintiff for the damages sustained by his next of kin in consequence of his death. The plaintiff's intestate, shortly after 10, left his employer in a saloon on Third avenue, went home to his own house, which was some distance from Third avenue, in Grove street; saw his mother there; said he had some horses to see; and went out. He told his employer to wait in the saloon until he returned. To reach the saloon, where he left Flegler, his employer, he had to cross Third avenue, crossing the track of the defendant's road from east to west. Third avenue at this spot is lighted at night by electric lights. The road of the defendant before it reached this point was a straight road for about half a mile, and the cars of the road at night carried headlights. The only witness called for the plaintiff who saw the accident was one Workman. At the time of the accident, he was upon the west side of Third avenue, a short distance above Grove street, where the plaintiff was struck by the defendant's car. He swore that the deceased was in the middle of Grove street, crossing Third avenue on the easterly

track of the defendant's road. He was coming from the east towards the northwest, going diagonally towards the north, and the car on the track going north struck him. The witness says that the car, at the time he first saw the deceased, was only a few feet from him, "fifteen or twenty feet, probably"; that the car was going very rapidly; the deceased stepped upon the track; and the next thing the witness saw, the car hit him, and he was thrown under the car. The night was clear and cold. The witness testified that, when he first saw the deceased, he was on the east rail of the east track, or had one foot on the track, and the other off the rail; that he either had both feet over the east rail, or had one over the east rail, and the other one on the other side; his face was turned towards the witness, away from the approaching car; and that he was about opposite the elevated railroad pillar, or a little south of it. The car that struck the deceased was also on the south side of the pillar, going north. There appear to have been no trucks or other obstruction in the street, and nothing to prevent the deceased from seeing the approaching car; the street being lighted by an electric light in the immediate neighborhood, and the car carrying a headlight. The deceased being struck by the car while upon the east rail of the track, he must have been struck immediately after the attempt to cross the track; and, as he was between the car and the elevated railroad pillar, there was no obstacle to prevent his seeing the approaching car, and there is not the slightest evidence to show that had he exercised any care in looking for the approaching car, or waited until the car passed, the accident would have happened.

The questions of the negligence of the defendant and the contributory negligence of the plaintiff in this case are closely interwoven. The only evidence, except the fact of the accident itself, to justify a finding of negligence on the part of the defendant, was as to the speed of the car. In this locality and at this time of night there is nothing to show that running a car at the speed that any of the witnesses here have testified to was itself negligence. The deceased was crossing the street, not at the cross walk, but in the middle of the street; and the motorman had no particular reason to look for him at that particular place. There was no evidence to show that the motorman was not attending to his business, and did not stop the car as soon as he could after the deceased had placed himself upon the track. It is not pretended that the motorman saw the deceased upon the track, or in such a position that he would have been injured by the car proceeding at a sufficient distance to have enabled him to stop the car. The evidence is clear that the deceased was struck almost immediately after placing his foot upon the east rail of the east track; and we hardly think the evidence was sufficient to justify a finding of the jury that the defendant was negligent. We think, however, that the evidence fails to show the absence of contributory negligence, but that the evidence did show that the deceased was guilty of contributory negligence; and this is made very clear by a consideration of the undisputed facts testified to by the defendant's witnesses. It was testified to that the deceased was crossing the street diagonally on a run, and, as he stepped

upon the track, the car was near to him, struck, and threw him against the pillar, and then under the car, and this was not denied by any witnesses. The fact of the deceased running across the street at the time he was struck, and thus running directly in front of the car as it approached, would explain his being struck while upon the easterly rail of the easterly track, just after he placed his foot upon the track. But it is impossible to escape the conclusion that this deceased, without exercising any care, without looking for the approach of the car, which he could not have failed to see if he had looked, stepped upon this track immediately in front of the car as it was approaching, and that his death was the result, not of the negligence of the defendant, but of his own negligence in placing himself in such a position of danger.

We think that the complaint should have been dismissed, and the judgment is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and WILLIAMS and PATTERSON, JJ., concur.

RUMSEY, J. (dissenting). This action was submitted to the jury in a charge which was unexceptionable, and, upon a motion for a new trial, the learned judge who heard the case and saw the witnesses concluded that the verdict should stand. While his judgment is not conclusive upon us, yet it undoubtedly is to have weight upon the motion for a new trial. Upon the facts shown, I think that the evidence presented a question for the jury, both as to the contributory negligence of the plaintiff's intestate and the negligence of the defendant. It is quite impossible to lay down any hard and fast rule as to what constitutes either negligence or contributory negligence in these cases. The highway upon which the defendant's car ran was for the use of foot passengers quite as much as for the vehicles of the defendant. Foot passengers are entitled, not only to walk upon the sidewalk, but to cross over the streets at any places where their business or their inclination calls them. The duty which is imposed upon them is only to use reasonable care in such crossing. In their attempt to do that, they have the right to assume that street cars, whether propelled by horses or by mechanical power, will run at such rates of speed, and will give such warning, as will enable foot passengers to keep out of their way. Whether it is negligence in any given case to cross the track of a street railway depends, not only upon the manner in which the car is propelled, but upon the rate of speed, the freedom from obstacles of the roadway, the nearness of the car, and the opportunity which the foot passenger has to observe its approach. The rule which is applied in the case of steam railroads cannot be applied in such cases as these. Steam railroads are laid upon tracks wherein foot passengers have no right at all. If they have occasion to cross those tracks at a highway, they are bound to use the very greatest care, because they know that steam railroads are not expected to stop or slacken their speed

at such places, and foot passengers are expected, under all circumstances, to keep off the crossing.     In such cases it has been held that if one attempts to cross in front of a moving train, knowing that it is approaching, and relying upon his ability to keep out of its way, he does so at his peril.     But no such rule applies in the case of surface street railroads.     Those roads are laid upon the highway, up and down and across which foot passengers have the right to go.     Passengers must cross in front of moving cars, and they must judge in any given case whether it is safe to attempt it, and contributory negligence cannot be predicated of the mere fact of an attempt to cross in front of a moving car; otherwise, one could never cross the track of a street railroad where cars ran at a rapid rate of speed, and close together.     It will not do, of course, to say that in all cases the question of contributory negligence is for the jury; but it is exceedingly difficult to conceive of a case in which that is not likely to be the fact.     This, in my judgment, is a case where the question should have been passed upon by the jury; and, as it was properly submitted, the verdict should stand.

I think the judgment and order should be affirmed.