the float or pier of the dock; but, while stepping over this point, the plaintiff was injured, through her foot being caught between the float and the end of the boat, which had moved sufficiently to leave a small space open in her path. Evidence of these facts, as given by the plaintiff's parents, was fully corroborated by a disinterested witness; and the defendant confined itself to an attempt of showing that the child's foot had been caught between the boat, when fast to the dock, and the end of a beam upon the float, which bounded the path used by passengers, running parallel to it. That the injury was so occasioned was a manifest impossibility if the evidence for the plaintiff was true, since one of her parents walked between her and this beam, as they proceeded along the path; and the justice was amply authorized to give this evidence the fullest credit. From the facts the conclusion is irresistible that the accident was caused solely by the defendant's negligence, without negligence upon the part of or imputable to the plaintiff. She was invited to leave the boat when it was assumedly fast to the float; and, from the defendant's failure to provide a gang plank, she was justified in believing that it would remain against the float, and that the designated pathway would continue safe for its purpose. Under the circumstances, also, negligence of the defendant was to be inferred from the backward impulse of the boat, which the duty of exercising reasonable diligence for the safety of its passengers rendered it incumbent upon the defendant to avoid; if unable to avoid, to explain by satisfactory evidence. The finding of negligence is not based solely upon the happening of the accident, as the appellant contends, but is supported by proof of the cause of that accident, and thus of negligence, in view of the nature of the cause.

The judgment should be affirmed, with costs. All concur.

---

(21 Misc. Rep. 658.)

### BAUMANN et al. v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. November 24, 1897.)

1. COLLISION WITH STREET CAR—CONTRIBUTORY NEGLIGENCE.

The driver of a team proceeding up town on the track of a surface road, behind a north-bound car, turned his team to cross the down-town track at a walk, when a rapidly approaching south-bound car was so near that it struck the hub of his front wheel, and injured the horse and truck. *Held,* that he was guilty of contributory negligence.

2. SAME.

To look when one is in such a situation that he cannot see is not enough to relieve him of the imputation of contributory negligence.

Appeal from Third district court.

Action by Ludwig Baumann and others against the Metropolitan Street-Railway Company. From a judgment of the justice in favor of plaintiffs entered on the verdict of a jury, defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Daniel W. Patterson, Ambrose F. McCabe, Theodore H. Lord, and Henry A. Robinson, for appellant.

Perkins & Butler, for respondents.

DALY, P. J.   The plaintiffs have recovered a verdict of $202.10 for injuries to a horse and truck sustained in a collision with the defendant's cable car, on Lexington avenue, at the intersection of 126th street, on the evening of December 17, 1896.   The plaintiffs' truck, drawn by two horses in charge of their driver, proceeded up Lexington avenue on the defendant's up-town track behind a north-bound car at a distance from the latter variously testified to be from five feet to a wagon's length.   The driver intended to proceed to plaintiffs' stable, on 126th street, and when he arrived at that street he turned his team to the left, so as to cross the down-town track and proceed westerly along 126th street.   In crossing that track the hub of his forward wheel was struck by a south-bound car of defendant.   The appellant contends that the negligence of the driver contributed to the injury, as the circumstances establish that at the time he proceeded to cross the track the approaching car was so near as to render a collision inevitable.   The witnesses disagree as to the distance of the south-bound car from the place of the accident at the time plaintiffs' driver turned his horses across the track; but, inasmuch as the front wheel of the truck was struck by the car, it is evident that the distance was not very great, for the truck was empty, and the time required to turn the team from the north track across the south track could not have occupied any considerable time, and the fair inference from that fact alone is that if the driver had looked to see if any car was approaching he would have perceived that he had no time to cross and avoid a collision.   He states that he looked up the avenue, "looked to see where the horses were going," and saw no car, and the first he knew of a car coming was when it struck his truck, and knocked him off.   That he must have seen the car coming if he had looked before he attempted to cross, and that it was so near as to lead a prudent driver to conclude that it was unsafe to make the attempt, is clear from the testimony of one of plaintiffs' witnesses, a bystander.   This witness, whose name was Heckel, and who was one of several persons about the street corner at the time, was standing on the downtown corner.   When asked when his attention was first attracted to the accident, he answered, "When the fellows saw the wagon coming over the track some one called out, 'Here comes a smashup!'"   If the bystanders could perceive the imminence of the danger, it must have been equally apparent to the driver, had he looked.   That the driver did not see the approaching car can only be accounted for on the theory that he neglected to look up the track.   He was asked, on cross-examination, if the car ahead of him prevented his seeing very far up the avenue, and he said he thought it did.   His own testimony was that it was a wagon length ahead of him when he attempted to turn.   If it in any way obstructed his view of a car approaching on the other track, he was bound, in the exercise of ordinary diligence, to wait until the obstruction was removed.   Heaney v. Railroad Co., 112 N. Y. 122, 19 N. E. 422.   To look when one is in such a situation that he cannot see is not enough to relieve him of the imputation of contributory negligence.   Fogassi v. Railroad Co., 19 Misc. Rep. 108, 43 N. Y. Supp. 268, affirmed 17 App. Div. 286, 45 N. Y. Supp. 175.   In this case the driver of the plaintiffs' truck, not being able to see an approaching car by

reason probably of the obstruction caused by the car ahead of him, or not looking to see if a car were approaching, turned his horses directly across the track at his left, and proceeded to cross without further precaution. The sides of his wagon were covered by curtains which prevented his seeing sideways, unless, as he testifies, he stooped down to look under them, and this he did not do, so that, having no assurance in the first instance that it was safe to cross, he nevertheless made the attempt without exercising any further care. One of the plaintiffs' witnesses, Hepburn, testifies that when the wagon turned into 126th street the approaching car was just coming to the north crossing,—was right by it,—when plaintiff started to go diagonally across the track, and that when he first saw the car and the truck they were 25 feet apart. This was the only one of plaintiffs' witnesses who saw the car before the collision, and his testimony, taken in connection with the proof that the speed of the car was 8 to 10 miles an hour, shows that to cross the track with horses at a walk, as plaintiff testifies his were going, was to invite disaster. The evidence established by a preponderance of proof the contributory negligence of plaintiffs' driver, and the judgment must be reversed. Hamilton v. Railroad Co., 6 Misc. Rep. 382, 26 N. Y. Supp. 754.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.