tried only by the commissioners, and that a majority of the board must concur to authorize a sentence. Section 251, Consolidation Act 1882, as amended by Laws 1895, c. 569. There was a fourth commis· sioner, who did not sit in the case, and whose presence would have made a tribunal properly composed, and competent to sit in judgment on the relator's case. There was no legal necessity to have the court composed of the three members who finally passed upon the relator's case. One of the commissioners, who was not a witness, had .a personal interest in it, and, as the record shows, really put himself upon trial in the very proceeding before him. It is a fundamental rule that personal or pecuniary interest in a litigation disqualifies a person from acting judicially in that litigation, and, there having been another commissioner, who might have taken part in the trial, it cannot be urged that of necessity the court was properly constituted.

The action of the commissioners should be annulled, and the relator reinstated.

VAN BRUNT, P. J., and RUMSEY and O'BRIEN, JJ., concur. INGRAHAM, J., dissents.

---

(22 Misc. Rep. 83.)

CURTIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.  December 27, 1897.)

1. STREET RAILWAYS—INJURY TO PEDESTRIAN.

If a pedestrian, when about to cross a city street, looks in both directions before leaving the sidewalk, and sees no car approaching, and the street is free from vehicles and all obstructions to a full view, and no bell is sounded by an approaching car nor other warning of danger given, then it is a question for the jury, in a given case, whether he should again look up or down before crossing the track.

2. SAME—CARE OF DRIVER.

The driver of a surface car is bound to be alert and watchful to avoid injury to those who, because of tender years, advanced age, or evidently enfeebled physical condition or accident, do not get off the track at the near approach of the car.

Appeal from city court of New York, general term.

Action by Ann Curtin against the Metropolitan Street-Railway Company. From a judgment of the general term (47 N. Y. Supp. 1134) affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles F. Brown and Henry A. Robinson, for appellant.
Charles Steckler, for respondent.

DALY, P. J. The plaintiff was injured by an up-bound cable car on Ninth avenue, while she was attempting to cross the avenue from west to east, at the southerly crossing of 101st street, in the daytime. There was evidence that the car was approaching at full speed, and that no bell was rung, and that the gripman did not apply

the brake. As the car was, however, stopped within 3 feet after it struck the plaintiff, the brake must have been applied before the collision; the testimony being that the car could have been brought to a stop in 20 feet. It is argued by the appellant that, notwithstanding the gripman's alleged negligence in not giving warning or stopping the car, the plaintiff's negligence must have contributed to the injury, since she could not have failed to see the car in time to avoid a collision if she had looked down the track before attempting to cross it. She testified that she looked up and down the track before leaving the sidewalk, and saw no car approaching, and that she then started to cross the avenue, and did not look up or down again, but looked straight ahead. When she was between the up track and the down track the car was then, according to her own witness, 15 to 25 feet away. It is manifest that, had she looked to see if a car was approaching on that track before crossing, she could have observed this car, and must have perceived the danger of crossing in front of it. Was she negligent in not looking, and does that negligence preclude her recovering in this action? The contention of the plaintiff's counsel is that, although she failed to look, yet the gripman, in the exercise of ordinary care, could have seen her in time to stop the car and avoid the accident, and so his negligence was the sole proximate cause of her injury. An extension of this doctrine to all cases of injury to pedestrians at street crossings would cast the whole burden of care upon the persons in charge of vehicles, and relieve pedestrians of all responsibility for the exercise of ordinary prudence. Where, by stress of circumstance or error of judgment, a pedestrian is placed in peril, and injury may be avoided by the exercise of ordinary care on the part of one in charge of a vehicle, the responsibility for the accident will rest with the latter in spite of the fact that some negligence on the part of the pedestrian may have originally put him in the place of danger. But where the danger is one into which the latter has walked blindly, indifferent to any existing peril, it will not do to claim that his negligence did not contribute to the accident. An illustration of the former case is found in Fandel v. Railroad Co., 15 App. Div. 426, 44 N. Y. Supp. 462, where a woman starting to cross the avenue from west to east stopped at the west track to let a south-bound car, followed by a truck, pass her; then waited between the tracks to let a north-bound car pass her on the east track; and then, perceiving another north-bound car advancing, started to cross in front of it; but was overtaken, because, as the jury may have found, its speed was accelerated as she was crossing. The second case is illustrated by Doller v. Railroad Co., 7 App. Div. 283, 39 N. Y. Supp. 770, where a man attempted to run across the track on which a car was approaching at a distance of 15 to 20 feet, and was struck as he put his foot on the track. It is said that the pedestrian crossing the street at the usual street crossing may rely upon the observance by the person operating the car of his duty of vigilance at such a point, and of having his car under such control as to avoid collision with foot passengers. It may with equal propriety be said that the gripman or motorman of the car has a right to rely upon the observance by

pedestrians of the duty of looking to see that it is reasonably safe to cross the track. The fact is that neither party is relieved from the duty of active vigilance by the assumption that the other will perform his duty. It is certain, however, that, in considering the question whose negligence is the proximate cause of the accident, the jury take into consideration the fact that the pedestrian is an old or infirm person, a woman, or a child. In a case when it appeared that the driver of a car at forty feet distance was able to see two women and seven small children, two of them carried in arms, endeavoring to cross a street at a cross walk, it was held that a duty of active vigilance was imposed upon him to have his horses and car well under control. Wihnyk v. Railroad Co., 14 App. Div. 515, 43 N. Y. Supp. 1023. A car driver must be alert and watchful to avoid injury to those who, because of tender years, advanced age, or enfeebled physical condition or accident, do not get off the track at the near approach of a car. Nugent v. Railroad Co., 17 App. Div. 582–585, 45 N. Y. Supp. 596. In approaching the regular cross walk the drivers of vehicles must anticipate the probable presence of pedestrians, and be on their guard to avoid injuring them. Murphy v. Orr, 96 N. Y. 14. In this case the evidence was such as to present a fair question to the jury as to whether the accident was not caused by the failure of the gripman to observe a woman in full view, and at a sufficient distance on the cross walk, approaching his track, and to have his car under such control that he could have avoided a collision with her. He did evidently apply his brake, but not in time to prevent the accident, and it was a fair question, under the circumstances, whether he should have done it sooner. The case is not, therefore, wholly without evidence to support the verdict, and the facts do not show contributory negligence as a matter of law, since the plaintiff testified that she looked up and down the avenue for approaching cars before crossing the street, the case for that reason being distinguishable from Cowan v. Railroad Co. (Sup.) 1 N. Y. Supp. 612; and, as we cannot consider the question of preponderance of proof, we have no power to disturb the judgment of the trial court on the facts. In the case of the drivers of vehicles about to cross the tracks of a city railroad we have held that, under certain circumstances, there is a duty of looking for an approaching car immediately before the attempt to cross is made. Baumann v. Railway Co. (App. Term; Oct., 1897) 47 N. Y. Supp. 1094; Winch v. Railroad Co., 12 Misc. Rep. 403, 33 N. Y. Supp. 615. In the case of McQuade v. Railroad Co., 17 Misc. Rep. 154, 39 N. Y. Supp. 335, we found that the facts clearly showed that the plaintiff was injured by negligently walking against a passing car, and not in front of it, so that there was no apparent neglect of duty with respect to her by the person operating the car. The question of contributory negligence must be decided upon the facts of each case, and whether it is negligent for a pedestrian not to look for an approaching car when about to cross a railroad track depends upon circumstances. If there has been no previous opportunity to look for approaching vehicles, or if such opportunities as present themselves have not been used until the pedestrian has reached the track, it would seem that

he should then look; but if he has looked in both directions before leaving the sidewalk, and seen no car approaching which would intercept his passage, and the street is free from vehicles and all obstructions to a full view, and no bell is sounded by approaching car nor other warning of danger given, then it is a question for the jury whether he should again look up or down before crossing the track. Such a state of facts is presented by the record before us, and we cannot say that the evidence was insufficient to sustain a finding that there was no contributory negligence on the part of the plaintiff.

Judgment affirmed, with costs.

McADAM, J., concurs.

BISCHOFF, J. (concurring). The plaintiff's attempt to cross the street was noted by a passenger when the car was 75 feet distant from the point where her course should cross the track. Certainly the attempt was as readily to be observed by the gripman, and it was shown that he could have stopped the car within 20 feet. It was competent to the jury to find that the exercise of reasonable care by the gripman would have led to his reducing the speed of the car when the plaintiff's intention to cross became apparent, and, if so, she was justified in relying upon that act being performed. When she looked up and down the street, before crossing, the car was not sufficiently close to be necessarily taken as a threatened danger, and its proximity when she came upon the track could be viewed by the jury as resulting only from the gripman's failure to employ that degree of care which she was entitled to expect from the defendant or its servants, and in relying upon which expectation she was not negligent as a matter of law. I therefore concur for affirmance.