.severe condemnation. A bare recital of the evidence is sufficient to make this clear. Koster, the husband of the insured, had never paid a penny of the premiums by which the policies were kept alive. He did not even know that the life of his wife was insured. The superintendent first informed him by letter, which had the effect of producing him at the office, and being there the superintendent suggested that he make a protest against the company paying the money to the plaintiff. This plan was readily acceded to by the husband. As he expressed it, "I would like to get my expenses out of it." The superintendent discouraged the suggestion by the husband that he should get an attorney, and drew the protest himself, which the husband signed. Then he suggested that the husband should see the plaintiff, and see what she intended to do about it, and get her to settle for half. But, evidently repenting of this liberality, he subsequently induced the husband to settle for the sum of $200, taking his receipt therefor, and procuring him to execute a release to the company of all liability on account of the policies. The interest which the husband had or claimed to have arose out of the payment of the funeral expenses, amounting to $101.50. For this the husband was personally responsible. This defendant now seeks to avail itself of this fraudulent and dishonorable act of its superintendent as a defense to this action, claiming that what it did it had the right to do by virtue of the second article of the policy. The law permits the defeat of this unconscionable and fraudulent scheme, for so we must characterize it, despite the sanction given it by the supreme court of Pennsylvania in Brennan v. Insurance Co., 32 Atl. 1042.

The judgment should be reversed, and a new trial granted, with costs to abide the event. All concur.

---

(22 Misc. Rep. 97.)

### DISE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. December 28, 1897.)

1. STREET RAILROAD—RIGHT OF WAY.
    At street crossings a surface car has no right of way superior to that of vehicles moving in the streets crossed by the car tracks.
2. NONSUIT—WHEN GRANTED.
    To justify a nonsuit on the ground of contributory negligence, it must appear clearly that no construction of the evidence or inference to be drawn from the facts will warrant a contrary conclusion.
3. NEGLIGENCE—QUESTION FOR JURY.
    In an action to recover damages for negligence, the plaintiff is entitled to have the issue of negligence submitted to the jury, where it depends upon conflicting evidence or an inference to be drawn from circumstances in regard to which there is room for a difference of opinion among intelligent men.

Appeal from city court of New York, general term.

Action by David Dise against the Metropolitan Street-Railway Company. From a judgment of the general term affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. A. Robinson (Charles F. Brown, of counsel), for appellant.
Jacob Manheim, for respondent.

McADAM, J.   According to the facts as found by the jury, the plaintiff, at about 8 o'clock on the evening of October 21, 1895, was driving a horse drawing a single truck westward, along Bleecker street.   As he approached Broadway, he looked up and down that thoroughfare, and saw one of defendant's cars about a block away, coming up town, and another about 150 feet away, coming down town.   Finding the roadway clear, the plaintiff undertook to cross Broadway from east to west.   He got over the easterly track in safety, but, while crossing the westerly track, the south-bound car struck his truck, throwing him off, whereby he sustained serious personal injuries.   While the plaintiff's evidence was a little confused and contradictory upon his cross-examination, the facts stated remained substantially unchanged.   The witnesses produced by the plaintiff testified that the car was going very fast, one putting the speed at a mile in five minutes, and both agreeing that the rate at which it was going was not slackened at street crossings for some time previous to the collision.   Abraham Goodman, a passenger on the car, saw the truck cross the track, and remarked to a companion of his that the car would catch the truck (meaning that it would run into it), and immediately the collision took place.

Considering the fact that at street crossings the defendant, in running its cars, had no rights superior to those possessed by drivers of vehicles moving in the street crossed (O'Neil v. Railroad Co., 129 N. Y. 125, 29 N. E. 84; Reilly v. Railroad Co., 16 Misc. Rep. 11, 37 N. Y. Supp. 593; McDonald v. Railroad Co., 16 Misc. Rep. 52, 37 N. Y. Supp. 639; Brozek v. Railroad Co., 10 App. Div. 360, 41 N. Y. Supp. 1017), it will not do to hold, as matter of law, that under the circumstances the defendant was free from fault, or the plaintiff guilty of contributory negligence.   To justify a nonsuit on the ground of contributory negligence, it must appear clearly that no construction of the evidence or inference drawn from the facts will warrant a contrary conclusion.   Stackus v. Railroad Co., 79 N. Y. 464; Thurber v. Railroad Co., 60 N. Y. 326; Massoth v. Railroad Co., 64 N. Y., at page 529; Friess v. Railroad Co., 67 Hun, at page 210, 22 N. Y. Supp. 104.

In an action to recover damages for negligence, the plaintiff is entitled to have the issue of negligence submitted to the jury when it depends upon conflicting evidence, or on inferences to be drawn from circumstances in regard to which there is room for a difference of opinion among intelligent men.   Payne v. Railroad Co., 83 N. Y. 572. The trial judge properly denied the motion to dismiss, and sent the issues to the jury for determination.   The jury found from the conflicting testimony that the collision was caused by the negligence of the defendant's gripman, and that the plaintiff was free from fault, and awarded him $375, which is certainly a moderate sum.

There is no merit in the exceptions (two of which, at folios 81 and 82, were waived on the argument), and the judgment must be affirmed, with costs.   All concur.