PIERCY et al. v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. February 23, 1900.)

STREET RAILWAYS—COLLISION WITH TEAM—NEGLIGENCE.

A finding that a collision of street car with a wagon at the intersection of two streets was caused by negligence of the motoneer, without contributory negligence of the driver, is warranted by evidence that the driver, on coming east from a point 10 feet from the west crossing, saw the car coming south 100 feet from the north crossing; that while driving the team at a "moderate trot," without lessening his speed as he approached the track, and "looking for other vehicles and pedestrians that might be on the other crossing," the wagon was struck on the hind wheel by the car; and that the motorman gave no warning of the car's approach, and made no effort to check its speed, though he saw the team as he approached the northerly crossing, and could have stopped the car within 12 feet.

Appeal from municipal court, borough of Manhattan.

Action by Albert I. Piercy and another against the Metropolitan Street-Railway Company. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Henry A. Robinson and John T. Little, Jr., for appellant.

Oliver C. Semple, for respondents.

GIEGERICH, J.   The action is to recover damages for injuries to
the plaintiffs' wagon, harness, and the uniform of their driver, under
the circumstances hereinafter stated.   The answer denied that the
accident was due to the negligence of the defendant's servants, and
alleged the contributory negligence of the plaintiffs' driver.   The lat-
ter testified that on August 8, 1899, at about 11 o'clock in the fore-
noon, he was driving a horse drawing a delivery wagon easterly
along Thirty-Ninth street, and that when within 10 feet of the
westerly crossing on Sixth avenue he looked up and down that
thoroughfare, and saw one of the defendant's cars coming from a
northerly direction upon the westerly track, 100 feet away; that
while driving the horse at a "moderate trot" across Sixth avenue, and
"looking for other vehicles and pedestrians that might be on the
other crossing," the wagon was struck on the "north hind wheel"
by the car in question, thereby causing it to be overturned, and the
driver thrown from his seat, and causing the injury to property in
question.   Three other witnesses to the accident were called by
the plaintiffs, and gave their respective versions thereof.   The tes-
timony of one of them differed with that of the driver as to the lo-
cation of the wagon at the moment of impact, but, as is to be as-
sumed from the verdict, the jury were content to credit the driver,
whose testimony, in this respect, was corroborated by the remain-
ing witnesses.   Another witness for the plaintiffs testified that the
wagon was leaving the west crossing on Sixth avenue as the car
reached the northerly crossing of the street in question, and that
the car was then further from the point where the collision occurred
than the wagon; but the jury evidently came to the conclusion upon
the testimony of the three other witnesses for the plaintiffs that
this witness was mistaken upon the point.   Aside from this, the evi-
dence adduced in plaintiffs' behalf tends to show that the motorman
made no effort whatever to check the speed of the car, and that he
gave no warning of its approach to the plaintiffs' driver.   The mo-
torman, on the other hand, testified that when his car was within
10 feet of this northerly cross walk he observed the "wagon coming
along at a good smart trot"; that he rang his gong, threw off the
power, and applied the brake; that the driver then slackened up,
from which action he assumed that the driver desired him to pass
by, and, acting upon such understanding, the motorman again turned
on the power, and released the brake, and just as the car got over
the northerly cross walk, the horse, which was not held in check,
crossed the track at a prancing gait; and, although the motorman
sounded his gong, and reversed the power, he was unable to prevent
the fender of the car from striking said wheel of the wagon.   The
conductor, the only other witness called by the defendant, gave tes-
timony to the effect that when the motorman observed the wagon
he "slackened up his speed" so that the car came very nearly to a
standstill, but "went on again" when the speed of the horse was
slackened, and as the car proceeded upon its journey the horse
pranced ahead, and, the lines being loose in the driver's hands, he
was unable to check or stop the horse, and avoid the collision.   In
rebuttal the plaintiffs' witnesses denied that the speed of the horse

was lessened when approaching the track, that the lines were held loose in the driver's hands, and that in crossing such track the horse pranced. At the close of all the evidence the defendant moved to dismiss the complaint on the ground that the plaintiffs had not shown, by a fair preponderance of evidence, either that the accident was caused by the defendant's negligence, or that the former were free from contributory negligence, which was denied, and an exception taken. The case was submitted to the jury, who found a verdict in favor of the plaintiffs for $150, and the defendant has brought on the appeal. The only grounds upon which the reversal of the judgment is sought are the same as those urged in the court below for a dismissal of this complaint.

The rule applicable to a case like this, as deduced from the authorities, is that at the intersection of two streets the driver of a vehicle has a right to cross the tracks of a street-surface railroad, notwithstanding a car is in sight, provided there is a reasonable opportunity so to do; and if, for that purpose, it is necessary for the person having charge of the motive power of the car to check its speed, or even to entirely stop such car for a short period, it is his duty to do so, and the person crossing the track has the right, without being necessarily chargeable with contributory negligence, to assume that that duty will be performed; that the rights of the driver of the vehicle and of the person in charge of the motive power of such car, under these circumstances, are reciprocal; and that the question whether it is negligence on the part of the driver of a vehicle to cross the track when a car is approaching is dependent upon the circumstances of each case. Smith v. Railway Co., 7 App. Div. 253, 40 N. Y. Supp. 148; Dise v. Same, 22 Misc. Rep. 97, 48 N. Y. Supp. 551; Kennedy v. Railroad Co., 31 App. Div. 30, 52 N. Y. Supp. 551; Dunican v. Railway Co., 39 App. Div. 497, 57 N. Y. Supp. 326; Lawson v. Railway Co., 40 App. Div. 312, 57 N. Y. Supp. 997. As was said by Rumsey, J., speaking for a majority of the court, in the last-cited case (page 313, 40 App. Div., and page 1001, 57 N. Y. Supp.):

"The question in every case is: Did the approaching parties—the car driver on the one hand, and the person crossing the track on the other—use the ordinary care of reasonably prudent persons to avoid a collision under the given conditions? In the nature of things, that question must always be submitted to the jury."

The cases of Weiss v. Railway Co., 33 App. Div. 221, 53 N. Y. Supp. 449, Johnson v. Railroad Co., 34 App. Div. 271, 54 N. Y. Supp. 547, and Bossert v. Railroad Co., 40 App. Div. 144, 57 N. Y. Supp. 896, have no application to the case at bar, because in the Weiss Case the accident did not occur at a street intersection, and in the other cases the wagon, proceeding along, and not across, the track, was struck by a car coming from behind. Upon the evidence adduced in behalf of the plaintiffs, the jury were justified in finding, as is assumed from their verdict, that the negligence of the defendant's motorman was the direct and sole cause of the accident. The latter admits having seen the horse crossing the track as the car approached the northerly cross walk, and that he could have stopped the car within 12 feet. The driver was entitled to assume,

when he drove over the track, that the motorman would afford him that reasonable opportunity of crossing to which the law gave him the right. Instead of that, however, it appears, according to the facts found by the jury, that the motorman made no effort whatever to stop the car, and to avoid the collision; and for the latter's failure so to do, and for the injuries resulting from such carelessness, the defendant must be held answerable, unless the plaintiffs have been guilty of contributory negligence.

Under the circumstances disclosed by the evidence on the part of the plaintiffs, it could not be said, as a matter of law, that their driver was guilty of contributory negligence in attempting to cross the tracks of the defendant. As seen, this was a question of fact to be determined by the jury. The proposition whether, under the circumstances, it was prudent or imprudent for the driver to attempt to cross such track was decided by the jury in plaintiffs' favor, and such finding is, to my mind, warranted by the evidence. As the driver was bound to anticipate, at the cross walk, the probable presence of pedestrians, and to be on his guard to avoid injurying them (Murphy v. Orr, 96 N. Y. 14; Curtin v. Railway Co., 22 Misc. Rep. 83, 48 N. Y. Supp. 581), he was not, as might be claimed, required to be constantly on the lookout for the defendant's cars in crossing the same. He therefore also had a right to assume that the speed of the car would be checked for the purpose of enabling him to observe this duty. My conclusion, therefore, is that this was clearly a case for the jury. There was ample evidence of negligence on the part of the defendant's motorman in the management of the car, and of the freedom from negligence of the plaintiffs' driver. The jury having found upon both these questions in favor of the plaintiffs, which finding was not in disregard of the due weight of proof, their verdict should not be disturbed.

It follows from these views that the judgment should be affirmed, with costs. All concur.